## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

## LETTER OPINION
## <u>ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT</u>

Re:     **<u>Rose v. Alternative Insurance Works, LLC and H. Timothy Breen</u>**
        **<u>No. 06-1818</u>**

Dear Parties,

On July 30, 2007, this Court issued an Opinion and Order granting partial summary judgment to Defendants Alternative Insurance Works, LLC ("AIW") and H. Timothy Breen (referred to collectively as "Defendants"). Plaintiff Theodore Rose ("Plaintiff" or "Rose") now moves for reconsideration of that decision on the grounds that the Court overlooked evidence presented by Plaintiff that supports Plaintiff's position that Defendants breached the covenant of good faith and fair dealing implied in Plaintiff's contract with AIW. For the reasons expressed below, the Court denies Plaintiff's motion for reconsideration.

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).[1] Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). Plaintiff makes no claim that there was an intervening change in the controlling law or that evidence that was not previously available has become available. Rather, Plaintiff's motion appears to rest on the position that reconsideration "is necessary to correct a clear error of law or prevent manifest injustice." Generally, this means that the Court overlooked some dispositive factual or legal matter that was presented to it. See L.Civ.R. 7.1(i); see also Fellenz, 2005 WL

---

[1] This rule was previously Local Civil Rule 7.1(g).

3104145, at *1; <u>Carmichael v. Everson</u>, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

  Plaintiff fails to show that the Court made a clear error or law or that he is the victim of manifest injustice because the Court overlooked some decisive legal or factual issue.  Plaintiff alleges that in reaching its decision, the Court overlooked evidence that supports Rose's position that Defendants breached the implied covenant of good faith and fair dealing under the May 30, 2003 consulting agreement that Rose entered into with AIW.  Plaintiff argues that this evidence, at a minimum, raises a genuine issue of material fact as to whether Defendants violated the implied covenant of good faith and fair dealing and that Defendants' motion for summary judgment therefore should have been denied.

  The Court did not, however, overlook such evidence.  On the contrary, the Court recognized Plaintiff's argument that he was entitled to certain uncollected fees because the third party insureds terminated their service agreements due to a wrongdoing on the part of Defendants.  However, the Court found that the reason the insureds terminated their service agreements was irrelevant to the Court's analysis of Plaintiff's breach of contract claim against Defendants.  Similarly, the Court found that such allegations did not constitute evidence supporting a claim that Defendants breached the implied covenant of good faith and fair dealing with respect to their obligations under Plaintiff's consulting agreement with AIW.

  In conclusion, because Plaintiff has not made any showing that would warrant reconsideration of the Court's Opinion and Order granting partial summary judgment to Defendants, the Court denies Plaintiff's motion for reconsideration.


Date:   August 30, 2007       /s/ JOEL A. PISANO_____
                 United States District Judge